FILED
COURT OF APPEALS
DIVISION II

2013 JUL -2 AM 9: 08

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43538-1-II |
| Respondent, | |
| v. | |
| SANDY JONES, | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. — Sandy Jones appeals from his judgment and sentence, arguing that the trial court erred by imposing legal financial obligations without finding that he had the present or likely future ability to pay those obligations. Finding no error that is ripe for review, we affirm.[1]

A jury found Jones guilty of possession of a stolen motor vehicle, first degree trafficking in stolen property, and forgery. At sentencing, the trial court imposed the following "standard"[2] legal financial obligations: $500 victim assessment, $200 criminal filing fee, $250 jury demand fee, $1,000 court appointed attorney fee, $400 defense costs, $500 fine, and $100 DNA collection fee. CP 10-11. Jones's judgment and sentence form contained the following paragraph 2.5:

> **Ability to Pay Legal Financial Obligations.** The court has considered the total amount owing, the defendant's past, present, and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds:
>
> ☐ That the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein. RCW 9.94A.753.

---

[1] A commissioner of this court initially considered Jones's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

[2] Report of Proceedings (May 21, 2012) at 208-09.

☐ The following extraordinary circumstances exist that make restitution inappropriate (RCW 9.94A.753):_____.

☐ The defendant has the present means to pay costs of incarceration. RCW 9.94A.760.

Clerk's Papers at 8. The trial court did not check any of the boxes in paragraph 2.5.

Jones argues that the trial court erred by imposing the legal financial obligations without making a finding that he had the current or likely future ability to pay them. *State v. Bertrand*, 165 Wn. App. 393, 405, 267 P.3d 511 (2011), *review denied*, 175 Wn.2d 1014 (2012). But *Bertrand* held that the trial court erred by finding that Bertrand had the current or likely ability to pay legal financial obligations without first "[taking] into account the financial resources of the defendant and the nature of the burden" imposed by the legal financial obligations. *Bertrand*, 165 Wn. App at 404 (quoting *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991)). Because there was no evidence in the record to support the finding, we remanded with instructions to strike it. *Bertrand*, 165 Wn. App at 404-05. Here, by contrast, the trial court *did not* make a finding that Jones had the current or likely ability to pay legal financial obligations. Thus, there is no error under *Bertrand* for us to address at this time. And, as *Bertrand* and *Baldwin* hold, Jones's challenge to the legal financial obligations themselves only becomes ripe "when the government seeks to collect the obligation." *Bertrand*, 165 Wn. App at 405 (quoting *Baldwin*, 63 Wn. App. at 310) (emphasis in *Bertrand* omitted). Because the State has not sought to collect Jones's legal financial obligations, his appeal from them is not ripe. At the time the State seeks to collect, it will have to establish that Jones has the ability to pay them. *Bertrand*, 165 Wn. App at 405.

43538-1-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Hunt, J.

Johanson, A.C.J.

3